**UNITED STATES DISTRICT COURT**
**WESTERN DISTRICT OF NEW YORK**

_____

| | |
|---|---|
| TODD E. SHATKIN, DDS and | ) |
| SAMUEL SHATKIN, DDS, MD | ) |
| | ) |
| | ) |
| | ) |
| Plaintiffs, | ) |
| v. | ) |
| | ) Case No. 1:07-CV-00332-RJA-JJM |
| ANDREW JAKSON, IMTEC CORPORATION | ) |
| DENTAL TECH LABORATORIES, LLC and | ) |
| F.I.R.S.T. LABORATORIES, LLC | ) |
| | ) |
| | ) |
| | ) |
| Defendants. | ) |

_____

### RESPONSE OF DEFENDANTS IMTEC CORPORATION AND F.I.R.S.T. LABORATORIES, LLC TO PLAINTIFFS' STATEMENT OF MATERIAL FACTS

The Defendants IMTEC Corporation and F.I.R.S.T. Laboratories, LLC hereby provide their "Statement of Material Facts to Which Issues of Fact Exist," as required by Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York and in response to Plaintiffs' Statement of Undisputed Material Facts filed in conjunction with Plaintiffs' Cross Motion for Summary Judgment.

### I. STATEMENT OF MATERIAL FACTS TO WHICH ISSUES OF FACT EXIST

**PLAINTIFFS' FACT NO. 1:** Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement.

Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

Further, and although the 511 Patent may have been issued to Todd Shatkin, Shatkin is obligated to assign the patent to F.I.R.S.T. pursuant to the terms of the Licensing Agreement. *See* Docket No. 60 Ex. B (Licensing Agreement) ¶¶ 7, 10 (submitted in support of IMTEC's Motion for a Preliminary Injunction).

Further, pursuant to the language of the Licensing Agreement, Todd Shatkin assigned his rights in the patent to F.I.R.S.T. because he granted F.I.R.S.T. an "exclusive to make, have made, use, lease/or sell" the Technology. *See* Docket No. 60 Ex. B (Licensing Agreement) ¶ 3.

**PLAINTIFFS'** **FACT** **NO. 2:**      Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS'** **FACT** **NO. 3:**      Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

Further, although it is true that the parties executed and entered into the Licensing Agreement dated September 11, 2003, it is not true that the "F.I.R.S.T. technique, procedure and products" were developed by Todd Shatkin.   Co-Defendant Andrew Jakson assisted with the invention and was a co-inventor of the "F.I.R.S.T. technique, procedure and products."   *See* Docket No. 60 (Declaration of Andrew Jakson dated October 9, 2007 ("Jakson 10/9/07 Dec.") ¶¶ 8, 10.

Further, it is also not legally correct to admit that the Licensing Agreement "licensed . . . F.I.R.S.T. Laboratories LLC to market and sell the patented and licensed technology."   According to the language of the Licensing Agreement, Todd Shatkin granted F.I.R.S.T. an exclusive license to make, have made, use, lease/or sell" the Technology (including the Patent 501).  *See* Docket No. 60 Ex. B (Licensing Agreement) ¶3.  Such language constitutes an assignment of Shatkin's rights in Patent 501 as a matter of law. *Sybron Transition Corp. v. Nixon, Hargrave, Devans & Doyle*, 770 F.Supp. 803 (W.D.N.Y. 1991); *Waterman v. MacKenzie*, 138 U.S. 252, 255-56, 11 S.Ct. 334, 335 (1891).  *See also Kenyon v. Automatic Instrument Co.*, 160 F.2d 878, 883 (6th Cir.1947) ("A license contract which conveys the right to make, use and vend for the entire term of the patent is an assignment vesting title to the entire patent in the assignee.").

**PLAINTIFFS' FACT NO. 4:**      Denied.  Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is

supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Further, Plaintiffs' Statement of Fact No. 4 is unintelligible.

**PLAINTIFFS' FACT NO. 5:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Plaintiff Todd Shatkin, DDS, is the current owner of a 33.3% membership interest in F.I.R.S.T. *See* Docket No. 60 Ex. A (Operating Agreement) p. LLC-11 and Exhibit A.  F.I.R.S.T. has not been dissolved.  *See* Clark 1/18/08 Aff. ¶40.

**PLAINTIFFS' FACT NO. 6:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

Otherwise, Plaintiff admits Plaintiffs' Statement of Fact No. 6 insofar as the statements are consistent with the language of the Licensing Agreement.  However, Shatkin was not entitled to a 10% fee on all gross sales of F.I.R.S.T. and one-third of the company profits.  According to the language of the Licensing Agreement, Shatkin was entitled to receive a 10% royalty "from the gross price received by F.I.R.S.T." from

collected "fees from dentists who place orders for fabricated implant restorations . . . ." *See* Docket No. 60 Ex. B (Licensing Agreement) ¶3.

**PLAINTIFFS'** **FACT** **NO. 7:**        Denied.  Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Jakson is the current owner of a 33.3% membership interest in F.I.R.S.T.  *See* Docket No. 60 Ex. A (Operating Agreement) p. LLC-11 and Exhibit A.  F.I.R.S.T. has not been dissolved. Clark 1/18/08 Aff. ¶40.

**PLAINTIFFS'** **FACT** **NO. 8:**        Denied.  Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Further, the Licensing Agreement does not contain express language that Jakson's one-third membership interest in F.I.R.S.T. was given in exchange for the services he is to provide to F.I.R.S.T. under the Licensing Agreement.  *Cf. See* Docket No. 60 Ex. B (Licensing Agreement).

**PLAINTIFFS'** **FACT** **NO. 9:**        Denied.  Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court

for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Further, IMTEC is the current owner of a 1/3 interest in F.I.R.S.T.  *See* Docket No. 60 Ex. A (Operating Agreement) p. LLC-11 and Exhibit A.  F.I.R.S.T. has not been dissolved. Clark 1/18/08 Aff. ¶40.

**PLAINTIFFS' FACT NO. 10:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Plaintiffs' Statement of Fact No. 10 is further denied.  There is no language whatsoever that conditions IMTEC's membership interest in F.I.R.S.T. on its active promotion of the F.I.R.S.T. concept and technology in dental journal advertisements, seminars, training courses, professional meetings and trade shows.  Clark 1/18/08 Aff. ¶ 37.  IMTEC was issued its membership interest in F.I.R.S.T. as per the terms of the Operating Agreement of F.I.R.S.T.  *See* Docket No. 60 Ex. A (Operating Agreement) p. LLC-11 and Exhibit A.

**PLAINTIFFS' FACT NO. 11:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement.

Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Plaintiffs' Statement of Fact No. 11 is further denied because the statement is contrary to the language of the Licensing Agreement.  The Licensing Agreement requires IMTEC to "take steps" to incorporate the Technology into its product lines and blend it with IMTEC's current marketing schemes.  *See* Docket No. 60 Ex. B (Licensing Agreement) ¶ 5.

**PLAINTIFFS'** **FACT** **NO. 12:**      Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Plaintiffs' Statement of Fact No. 12 is further denied because the statement is not supported by the Licensing Agreement.  Further, the Statement of Fact is nonsensical. The Licensing Agreement does not contain any language that states IMTEC's contractual right to receive "one-third of the profits" was given in exchange for the purported obligation of F.I.R.S.T. to incorporate the F.I.R.S.T. technique and method into its product lines and blend it with IMTEC's current marketing schemes.  *Cf.* Docket No. 60 Ex. B (Licensing Agreement).

**PLAINTIFFS'** **FACT** **NO. 13:**      Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants

cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

Further, and with respect to Plaintiffs' Statement of Fact No. 13, the language of the Licensing Agreement assigns Todd Shatkin's rights in Patent 511, because Shatkin granted F.I.R.S.T. a "exclusive license" to make, have made, sell and/or use" the Technology.  *See* Docket No. 60 Ex. B (Licensing Agreement) ¶ 3.

**PLAINTIFFS' FACT NO. 14:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 15:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

IMTEC designs, develops, manufactures and markets a complete range of high-quality dental specialty products for the global dental market. IMTEC's array of dental products includes high-quality root form endosseous dental implants, proprietary, pure Polytetrafluoroethylene (PTFE) membranes, resorbable membranes and tacks, Sendax MDI mini-dental implants, tissue and bone regeneration systems, surgical drills and

instrumentation, and an extensive line of other dental prosthetics and laboratory components. *See* Docket No. 58 (Clark 7/20/07 Aff.) ¶ 5.

**PLAINTIFFS' FACT NO. 16:**    Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 17:**    Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Otherwise, Defendants admit this Statement of Fact in so far as same is consistent with the language of the contract upon which the statement is made.

**PLAINTIFFS' FACT NO. 18:**    Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Defendants further deny Plaintiffs' Statement of Fact No. 18. IMTEC was not required to run Journal

Ads for IMTEC seminars in which the business of F.I.R.S.T. was promoted. *See* Docket No. 60 Ex. B (Licensing Agreement).

**PLAINTIFFS' FACT NO. 19:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. It is not the Defendants' burden to ferret out the evidence upon which the Summary Judgment Movant's Statement of Fact is made.

**PLAINTIFFS' FACT NO. 20:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. *See* Docket No. 58 (Clark 7/20/07 Aff.) ¶27; *see also* Declaration of Kerry Ross dated January 18, 2008 ("Ross Dec.") submitted herewith.

**PLAINTIFFS' FACT NO. 21:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is

supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Plaintiffs'
Statement of Fact No 21 is further denied because Todd Shatkin did, in fact, receive
additional funds from IMTEC because he was spending less time on those matters for
which he was F.I.R.S.T. engaged to do. *See* Ross Dec. ¶¶ 12-15.

**PLAINTIFFS' FACT NO. 22:**       Denied. Plaintiffs have failed to comply
with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court
for the Western District of New York in that the Plaintiffs have failed to follow the
statement of fact with a citation to evidence that purportedly supports the statement.
Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is
supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Defendants
further deny Plaintiffs' Statement of Fact No. 22 because Todd Shatkin did not
"repeatedly request that IMTEC fulfill its marketing obligations."  *See* Clark 1/18/08 Aff.
¶ 24.

**PLAINTIFFS' FACT NO. 23:**       Denied. Plaintiffs have failed to comply
with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court
for the Western District of New York in that the Plaintiffs have failed to follow the
statement of fact with a citation to evidence that purportedly supports the statement.
Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is
supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Defendants
further deny Plaintiffs' Statement of Fact No. 23 because Plaintiff does not recite to the
entire language of the referenced document.

**PLAINTIFFS' FACT NO. 24:**       Denied. Plaintiffs have failed to comply
with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court

for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Defendants further deny Plaintiffs' Statement of Fact No. 24 because Plaintiff does not recite to the entire language of the referenced document.

**PLAINTIFFS' FACT NO. 25:**     Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Otherwise, Defendants concede the existence of the May 8, 2006 email that is recited, in part, in Plaintiff's Statement of Facts.

**PLAINTIFFS' FACT NO. 26:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Further, IMTEC was not required to include the F.I.R.S.T. technique in its Product Catalogue. IMTEC only promised to take steps to incorporate the TECHNOLOGY into its product lines. IMTEC took such steps. *See* Hadwin Aff. ¶¶ 5-14.

**PLAINTIFFS' FACT NO. 27:**        Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P. Further, IMTEC was not required to "enter" F.I.R.S.T. in trade shows. Defendants further deny the contention that IMTEC did not promote F.I.R.S.T. in trade shows. *See* Hadwin Aff. ¶ 14.

**PLAINTIFFS' FACT NO. 28:**        Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 29:**        Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 30:**        Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court

for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 31:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 32:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 33:**     Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 34:**         Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 35:**         Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 36:**         Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 37:**         Denied. Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement.

Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**PLAINTIFFS' FACT NO. 38:**        Denied.  Plaintiffs have failed to comply with Rule 56.1 of the Local Rules of Civil Procedure for the United States District Court for the Western District of New York in that the Plaintiffs have failed to follow the statement of fact with a citation to evidence that purportedly supports the statement. Defendants cannot possibly respond or otherwise know whether Plaintiffs' statement is supported by admissible evidence, as required by Rule 56(e) Fed. R. Civ. P.

**III. ADDITIONAL FACTS WHICH PRECLUDE SUMMARY JUDGMENT**

1.        The Licensing Agreement provides that the term of the Agreement shall begin on September 16, 2003, and continue thereafter so long as IMTEC "continued to promote and market certain intellectual properties granted in an exclusive license to F.I.R.S.T. by Shatkin."  The Licensing Agreement does not address, nor did the parties discuss, the level of IMTEC's marketing efforts that were required to keep the Licensing Agreement alive.  *See* Docket No. 60 Ex. B (Licensing Agreement) ¶ 3.

2.        In fact, the Licensing Agreement provides that IMTEC was entitled to use its discretion in marketing the technique and was only required to "take steps" to blend the technique into IMTEC's marketing schemes.  IMTEC took such steps.  *See* Hadwin Aff. ¶¶ 5-14.

3.        Dr. Shatkin and IMTEC never had any agreement, express or implied, nor did Dr. Shatkin and IMTEC ever discuss, that the life of the Licensing Agreement or that F.I.R.S.T. would be measured by and conditioned on (i) a specific level of IMTEC's

promotion of the Technology; and/or (ii) the manner in which IMTEC promoted the Technology. *See* Clark 1/18/08 Aff. ¶ 17.

4.      Dr. Shatkin and IMTEC never had any agreement, express or implied, nor any discussion concerning Dr. Shatkin's alleged right to *unilaterally* terminate either the "exclusive license" of the Technology, as defined in the Licensing Agreement, and/or F.I.R.S.T. *See* Clark 1/18/08 Aff. ¶ 18.

5.      Since the formation of F.I.R.S.T. in 2003, IMTEC has actively promoted the F.I.R.S.T. concept and Technology to IMTEC's database of 15,000 dentists through online promotions, including e-mails and website postings, allowance of training time at IMTEC sponsored seminars and symposiums, mail outs, distribution of marketing fliers, and preparation and distribution of documents and testimonials.  *See* Docket No. 58 (Clark 7/20/07 Aff.) ¶¶ 17-33; *see also* Docket No. 60 (Jakson Dec.) ¶41.

6.      IMTEC's efforts to market F.I.R.S.T. include the undisputable fact that IMTEC actually engaged Shatkin as a consultant to market the product.  Shatkin was paid $8,500 per month for these services.  *See* Docket No. 64 ¶ 17.

7.      The F.I.R.S.T Operating Agreement specifically prohibited Shatkin, as one of the F.I.R.S.T Operating Managers, from taking any action without the consent of two-thirds of the F.I.R.S.T. membership (i) that would transfer or assign any of the F.I.R.S.T. property to a third party; and/or (ii) that would make it impossible for F.I.R.S.T to carry on its ordinary business. *See* Docket No. 58 Ex. A (Operating Agreement (Articles V(E)(1) and Articles V(E)(6)). Todd Shatkin violated both provisions when he purportedly terminated the Licensing Agreement.  Shatkins' actions knowing violations of the Operating Agreement are therefore void.

8.       F.I.R.S.T. retained the rights to the Technology and/or Patent 511 until F.I.R.S.T is dissolved under Oklahoma law.  F.I.R.S.T. has not been dissolved.  *See* Clark 1/18/08 Aff. ¶40.

9.       The "Exclusive License" to use the Technology in its business remains the property of F.I.R.S.T.   *See* Docket No. 60 Ex. B (Licensing Agreement)  ¶3.   Such language constitutes an assignment of Shatkin's rights in Patent 501 as a matter of law. *Sybron Transition Corp. v. Nixon, Hargrave, Devans & Doyle*, 770 F.Supp. 803 (W.D.N.Y. 1991); *Waterman v. MacKenzie*, 138 U.S. 252, 255-56, 11 S.Ct. 334, 335 (1891).  *See also Kenyon v. Automatic Instrument Co.*, 160 F.2d 878, 883 (6th Cir.1947) ("A license contract which conveys the right to make, use and vend for the entire term of the patent is an assignment vesting title to the entire patent in the assignee.").

10.      In anticipation of the annual meeting of the F.I.R.S.T. members, Dr. Shatkin sent James Clark an *e-mail* dated July 25, 2006, wherein he identified specifically what he proposed.  According to the *e-mail*, Dr. Shatkin stated that he and his father did "not want any investment of money from IMTEC . . . ," but wanted a more active supporting role from IMTEC to help to promote us by linking the names in literature, etc."   IMTEC agreed to Dr. Shatkin's request as evidenced by assisting in the actual preparation of articles about the Technology and numerous efforts to have JADA publish Dr. Shatkin's articles regarding the Technology.  *See* Clark 1/18/08 Aff. ¶22.

11.      Further, Dr. Shatkin and Samuel Shatkin always indicated to IMTEC that the level of and/or the manner in which IMTEC promoted the Technology was IMTEC's decision.  *See* Clark 1/18/08 Aff. ¶24.  This course of conduct is, in part, memorialized in

the Minutes of the annual meeting of the members if F.I.R.S.T. Laboratories, LLC, held

on September 19, 2006.  *See* Clark 1/18/08 Aff. ¶25.

12.      In fact, after the F.I.R.S.T. members' annual meeting, Dr. Shatkin sent

James Clark an *e-mail* dated September 21, 2006, that is conclusive evidence that he, Dr.

Shatkin, had no contractual right to terminate the Licensing Agreement with F.I.R.S.T.

Dr. Shatkin's *e-mail* sets forth how he understood the parties would market the

Technology.  *See* Clark 1/18/08 Aff. ¶ 30.  According to the *e-mail*, (i) F.I.R.S.T. will

develop an IMTEC-approved Journal advertisement which will be placed in the Dentistry

Today Journal; (ii) F.I.R.S.T. will develop and put together a mass mailing that will be

sent to IMTEC MDI-trained dentists; (iii) IMTEC will offer a half-day lecture regarding

the F.I.R.S.T. Technology at those IMTEC seminars where Dr. Shatkin lectures; (iv)

F.I.R.S.T. will add an additional speaker, Dr. Benjamin Oppenheimer, to assist with the

additional F.I.R.S.T. lectures that are given at the IMTEC seminars; (v) F.I.R.S.T. and

IMTEC will continue to work together to improve the technological advancements for the

future; and (vi) F.I.R.S.T. and IMTEC agree to investigate the possibilities of further

expansion of the lab business.  *See* Clark 1/18/08 Aff. ¶ 30.

13.      IMTEC promoted the Technology in Dental Journal Ads. *See* Ross Dec.

¶¶ 4, 10, 11.

14.      Contrary to Shatkin's assertions, IMTEC took steps incorporate the

Technology into IMTEC's product lines. *See* Hadwin Aff. ¶¶ 5-14.

Dated:  January 18, 2008

By: s/ Jeffrey C. Stravino
Jeffrey C. Stravino, Esq.
**HODGSON RUSS LLP**
*Attorneys for IMTEC Corporation*
140 Pearl St., Suite 100
Buffalo, New York 14202
Tel: (716) 856-4000
Fax : (716) 849-0349
*jeff_stravino@hodgsonruss.com*

and

**HARTZOG CONGER CASON & NEVILLE**
*Attorneys for IMTEC Corporation and*
*F.I.R.S.T. Laboratories, LLC*
William A. Johnson, Esq. (admitted *pro hac vice*)
201 Robert S. Kerr Ave., Suite 1600
Oklahoma City, Oklahoma 73102
Tel: (405) 235-7000
Fax: (405) 996-3403
*bjohnson@hartzoglaw.com*

054363/00000 BFLODOCS 2180490v1